# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 20 2011

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

AMY ELIZABETH BARNES, Pro Se )
)
Plaintiff, )
)
v. )
)
PUBLIX SUPER MARKETS, INC., and )
THOMAS SAYERS, in his individual capacity, )
and KEVIN KIDD, in his individual capacity. )
)
Defendants. )

Civil No.

TCB

1:11-CV-3606

## COMPLAINT

Plaintiff, AMY ELIZABETH BARNES, alleges as follows (and explains further down):

COMPLAINTS of the following actionable offenses have been committed against Amy E. Barnes by Publix Supermarkets Inc., Thomas Sayers (Also known as Tom Sayers) in his individual capacity and as Publix Supermarkets Store Manager, and Kevin Kidd in his individual capacity and as a Publix Supermarkets Assistant Store Manager:

VIOLATION OF AMERICANS WITH DISABILITIES ACT (ADA), Federal Law, 1990, as amended

VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA), Federal Law, 1938, as amended

INTERFERENCE TO ECONOMIC RELATIONS, Merger under State and Federal Claims Act

This initial complaint list does not preclude the addition of more complaints in future amendment to this complaint. Additional facts in support of claim are not precluded either.

**JURY TRIAL DEMANDED**, U.S. Constitutional right

1

Plaintiff Amy E. Barnes, pro se, complains against Publix Super Markets, Inc. as follows:

**JURISDICTION AND VENUE**

The defendant, Publix Super Markets, Inc., is a large foreign corporation, domiciled in Florida, doing business continuously in the State of Georgia since 1990. Defendant's status as a foreign corporation is current in the Georgia Secretary of State's official publications. Said defendant admitted responsibility to claims entered herein, through its management and employees, for Federal adjudication by the testimony and other evidence entered in Georgia, Department of Labor hearings for unemployment, awarded to claimant.

Venue is proper in this district as the Plaintiff's complaint seeks enforcement of a federal law and the protection of a civil right against discrimination in a matter primarily at law with the matter exceeding twenty dollars in damages. Title II, Section 201, Civil Rights Act of 1964, as amended, by being denied equal utilization of any public facility – Title III  Plaintiff contends that Defendants violated American's with Disabilities Act of 1990, herein ADA, by not providing reasonable accommodation – as evidenced in prior trial testimony. Further, federal enforcement of state statues is also herein sought.
"Employers are prohibited from engaging in discrimination against qualified individuals with a disability by the Georgia Equal Employment for People with Disabilities Code, The Rehabilitation Act of 1973 and the Americans With Disabilities Act of 1990. A "qualified individual with a disability" is an individual who possesses the requisite skills, experience, education, and other job-related requirements of the position and who can perform the essential functions of the job with or without reasonable accommodation."

Venue is proper in this district for original filing of claim seeking enforcement of a federal law, entitled Fair Labor Standards Act of 1938, as amended. Defendant failed to notify Amy Barnes, Plaintiff, of changes to operations at their store and these actions resulted in Amy's denial of obtaining medical supplies relating to her federally protected and recognized disabilities, such as, asthma and allergies.

Venue is proper in this district seeking enforcement of a federal law, entitled: VIOLATION OF CIVIL RIGHTS ACT OF 1964, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, as amended. Plaintiff, Amy Barnes was retaliated by Publix Super Markets, Inc. store managers in the course and scope of her employment at store #86. Amy Barnes speech related to working conditions among other items were suppressed and she was threatened with termination along with additional punitive measures taken against her.  A right to sue letter was issued by the United States EEOC regulatory agency. This action falls within the pendancy of this issuance.

Venue is proper for the state claim of interference to economic relations wherein a Federal action is merged with a state action. Thus, the merger of a state claim within federal court is proper herein. Defendant's store manager, Thomas Sayers, among others admitted under oath in Georgia's Department of Labor Unemployment Hearings which was successfully prosecuted by above said Plaintiff.

**INTRODUCTION**

Plaintiff will herein be referred to as "Amy Barnes," "Ms. Barnes," or "Amy." Defendant will be referred to herein as "Publix Supermarkets," "Publix," "Publix Super Markets," with or without the "Inc." tag at the end of the name, to clarify the Defendant as being the same and one Defendant. Tom

2

Sayers (Defendant) will be referred to by way of formal address "Tom Sayers" or informal ("Mr. Sayers"). Kevin Kidd (Defendant) will be referred to by way of formal address "Kevin Kidd" or informal ("Mr. Kidd").

Amy E. Barnes, according to Publix Super Markets, Inc. records, began working at store #155 (1100 Johnson's Ferry Road, Marietta GA 30068 ) in September of 2001, worked for two years, then went to college. Amy Barnes came back to work at Publix Supermarkets Store #155 and was re-hired on 17 January 2004 and worked for said defendant for some eight years in total. Amy Barnes was later re-classified after her 2nd hire date at Publix Supermarkets Store #155 in a full time capacity while also attending college. Ms. Barnes worked in the following roles: front line cashier, express line cashier, customer service staff, deli clerk, price/scan clerk, customer service office staff (back office & team leader duties), & Crispers cashier. Amy Barnes consistently received above-average performance reviews on Cashier & Customer Service job classes and was awarded a positive Counseling Statement as an award for numerous customer compliments received in a set period of time.

Upon working at Publix Super Markets, Inc., Amy Barnes was instructed that the contractual guide for the terms of plaintiff's employment is the Employee Handbook. After moving to store #86, Amy E. Barnes was instructed by Thomas Sayers that unpaid behavior off-the-clock is a condition of employment. A copy of this Employee Handbook was tendered and accepted into evidence at the recent Georgia Department of Labor hearing for unemployment claim.

Amy Barnes' hearing loss, vision loss, asthma, and allergies are mentioned in documents pertaining specifically to Amy Barnes: medical records, Department of Labor records, Publix Super Markets' own records as supplied to Amy Barnes per her requests to receive such or per Subpoena order. Performance Review documentation mentions Amy Barnes' disabilities and her efforts to overcome

When Amy Barnes started working for Publix Supermarkets as a cashier (at store #155), reasonable accommodation was requested by Amy Barnes to accommodate hearing loss, vision loss, asthma, and allergies as chronic, long-term conditions. Amy Barnes disclosed to Publix Supermarkets managers and co-workers that her hearing loss was chronic, and expected to worsen as time passes, due to a broken neck and head injury.

Reasonable accommodations (at store #155 on Johnson Ferry Rd., Marietta, Ga ) requested by Amy Barnes for hearing loss included: speaking to Amy's face to allow for lipreading, raising the volume on phones, allowing team members on the front end to alert Amy to customers she may have not seen or heard, speaking to Amy in person or over the phone rather than over the Public Address system, modify settings on Cash Register equipment for the production of a light signal or a sound when products were scanned, and allowing Amy to transfer callers to other team members if Amy could not understand the caller's speech due to hearing loss.

Medical evidence further corroborates plaintiff's statements regarding her disabilities which are recognized by ADA. Reasonable Accommodations incurred no costs for equipment or modifications on the part of Publix Supermarkets, as no extra hardware was required nor needed for supply by Publix.

**FACTUAL ALLEGATIONS SORTED BY CLAIM:**

**CLAIM::INTERFERENCE TO ECONOMIC RELATIONS**

**CLAIM::INTERFERENCE TO ECONOMIC RELATIONS**

That Publix Super Markets, Inc. Store Manager, Thomas Sayers, (Defendant) did intentionally obstruct, interfere and block the transfer of Amy Barnes, Plaintiff from obtaining employment at another Publix retail Store. That neither Kevin Kidd, Assistant Store Manager nor Thomas Sayers notified Amy Barnes, Plaintiff, when a store transfer was approved and issued. That Federal law permits employees to be free from retaliation and that store management did in fact retaliate against the Plaintiff, Amy Barnes, in violation of federal law. These actions by Publix Super Markets, Inc., their agents, employees, representatives and management resulted in the constructive termination of Amy Barnes, as shown in the decision of Georgia Department of Labor Hearings. Wherefore, Plaintiff seeks adjudication of this claim in Federal Court of original jurisdiction.

This claim in the complaint shall be amended to include any further facts as they arise when other proof comes available, and this claim does not preclude any future additional claims, facts inclusion, or defendants added into a future amendment.

**CLAIM::VIOLATION OF AMERICANS WITH DISABILITIES ACT**

That Publix Super Markets, Inc. through its store manager, assistant store manager and additional personnel did disregard federal law relating to Americans with Disabilities Act.

That Publix Supermarkets Inc did disallow Amy Barnes from accessing certain parts of the store, and treated Amy Barnes differently for having a disability.

This claim will be amended when further proof becomes available or should discovery provide such to provide more details for inclusion into this initial complaint to be amended.

**CLAIM::VIOLATION OF FAIR LABOR STANDARDS ACT**

That Amy Barnes was made to suffer punitive actions for her exercise of her rights to discuss job conditions and working environments with others present at the work place, and to object to ill treatment and discrimination from her management team at Publix Supermarkets.

This claim in the complaint shall be amended to include any further facts as they arise when other proof comes available, and this claim does not preclude any future additional claims, facts inclusion, or defendants added into a future amendment.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff Amy Elizabeth Barnes requests that the Court, under all available laws applicable to this Complaint, and under the Court's own equitable powers:

(a) Award such relief as the Court finds necessary to prevent unjust enrichment and to redress injury to Plaintiff Amy Elizabeth Barnes resulting from Defendants' violations of the ADA and other rights or laws as specified in this Complaint above, including but not limited to, restitution, Direct, Consequential, Incidental, Punitive Damages, Attorneys Fees, Court Costs, Back Pay as deemed by the Court or a Jury to be appropriate; and

(b) Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

JURY TRIAL DEMANDED
Plaintiff Amy E. Barnes hereby requests a trial by jury on each cause of action alleged in the Complaint.


USC, Title 28 App, Fed. Title, Rule 11 Signing Pleadings
Amy E. Barnes
Telephone: 678-887-7604

I hereby certify to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that:
1. The claims, defenses, and other legal contentions are warranted by existing law or by non frivolous argument for extending, modifying, or reversing existing law or for establishing new law;
2. this action is not being presented for improper purpose;
3. the factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information;


_____  20 October 2011
Amy E. Barnes, Plaintiff    Date: 20 October 2011

_____  20 October 2011
Public Notary              Date:

Notary Public, Paulding County, Georgia
My Commission Expires August 17, 2015

Respectfully submitted,

JOHN GALCZYNSKI, Representative
P.O. Box 551, Smyrna, Georgia 30081
unpaid representative at the request of Petitioner to assist solely at solicitation and the request and under the direction of the Petitioner. Cite: **O.C.G.A. § 15-19-51**

AMY ELIZABETH BARNES, Pro Se
Wanda Circle S.W.
Marietta, Georgia 30008
Cite: Ga. Const. (1983), Art. 1, Sec. 1, Para. 12. This right to handle one's personal legal affairs

5