# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AMY ELIZABETH BARNES, | )<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION<br>) NO. 1:11-CV-3606-TCB |
| PUBLIX SUPER MARKETS, INC., THOMAS SAYERS, and KEVIN KIDD, | )<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

## ANSWER TO COMPLAINT

Defendants Publix Super Markets, Inc. ("Publix"), Thomas Sayers, and Kevin Kidd, by and through the undersigned counsel, hereby respectfully file their Answer to Plaintiff's Complaint. Defendants deny any and all allegations contained in the Complaint that are not expressly admitted below. Defendants respond to the specific allegations in Plaintiff's Complaint as follows:

### Preface
### (Page 1 of the Complaint)

1.  Defendants object to the allegations contained in Plaintiff's Complaint on the grounds that the Complaint is vague, ambiguous, and does not conform to the pleading requirements of the Federal Rules of Civil Procedure.

2. Defendants admit that Plaintiff is alleging violations of the Americans with Disabilities Act ("ADA"), the Fair Labor Standards Act ("FLSA"), and a state claim for tortious interference with economic relations against them. However, Defendants deny that they have engaged in any conduct in violation of the aforementioned statutes or that Plaintiff has meritorious claims against them in any respect.

3. Defendants admit that Plaintiff has requested a trial by jury.

**Jurisdiction and Venue**
**(Page 2 of the Complaint)**

4. Defendants admit that Publix is a corporation organized under the laws of the State of Florida with its principal place of business in Florida. Defendants further admit that Publix is registered and is authorized to conduct business in the State of Georgia.

5. Defendants deny that Publix or any other Defendant has "admitted responsibility to claims entered [in the Complaint]" or that any Defendant has admitted any liability to Plaintiff whatsoever.

6. Defendants admit that venue is proper in this Court.

7. Defendants deny that they violated the ADA or failed to provide a reasonable accommodation to Plaintiff.

8. Defendants deny Plaintiff's allegations that they "failed to notify Amy Barnes, Plaintiff, of changes to operations at their store and these actions resulted in Amy's denial of obtaining medical supplies relating to her federally protected and recognized disabilities, such as, asthma and allergies."

9. Defendants deny Plaintiff's allegations that Plaintiff "was retaliated by Publix Super Markets, Inc. store managers in the course and scope of her employment at store #86."

10. Defendants deny Plaintiff's allegations that her "speech related to working conditions among other items were suppressed and she was threatened with termination along with additional punitive measures taken against her."

11. Defendants admit that the U.S. Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue to Plaintiff on or about July 21, 2011 after determining that there was insufficient evidence to find cause to support her asserted claims in her Charge of Discrimination.

12. Defendants deny Plaintiff's allegation that "[t]his action falls within the pendency of this issuance."

13. Defendants deny Plaintiff's allegations that "Defendant's store manager, Thomas Sayers, among others admitted under oath in Georgia's

Department of Labor Unemployment Hearings which was successfully prosecuted by above said Plaintiff."

## Introduction
### (Pages 2-3 of the Complaint)

14. Defendants admit that Plaintiff was first hired by Publix on or about August 9, 2001 as a full-time Cashier at Publix' Store No. 155 in Marietta, Georgia.

15. Defendants admit that Plaintiff resigned from her employment at Publix on or about July 13, 2003. Upon information and belief, Defendants admit that Plaintiff tendered said voluntary resignation for the purpose of returning to school.

16. Defendants admit that Plaintiff was rehired by Publix on or about January 17, 2004 as a part-time Cashier at Publix' Store No. 155. Defendant further admits that Plaintiff remained employed by Publix in various capacities through the date of her voluntary resignation of November 3, 2010.

17. Defendants admit that Plaintiff was employed in various capacities during her employment, including part-time Cashier, full-time Scan/Price Clerk, full-time Deli Clerk, full-time Cashier, and full-time Customer Service Staff.

18. Defendants deny Plaintiff's allegations that "Amy Barnes consistently received above-average performance reviews on Cashier & Customer Service job

classes and was awarded a positive Counseling Statement as an award for numerous customer compliments received in a set period of time."

19. Defendants deny Plaintiff's allegations that she "was instructed that the contractual guide for the terms of plaintiff's employment is the Employee Handbook."

20. Defendants deny Plaintiff's allegations that she "was instructed by Thomas Sayers that unpaid behavior off-the-clock is a condition of employment."

21. Defendants lack sufficient information to form a belief as to whether Plaintiff suffers from a disability within the meaning of the ADA, including the conditions referenced in Plaintiff's Complaint, with the effect that all such allegations are denied.

22. Defendants deny Plaintiff's allegations that "reasonable accommodation was requested by Amy Barnes to accommodate hearing loss, vision loss, asthma, and allergies as chronic, long-term conditions."

23. Defendants deny Plaintiff's allegations that she "disclosed to [Defendants] that her hearing loss was chronic, and expected to worsen as time passes, due to a broken neck and head injury." Defendants lack sufficient information to form a belief as to what disclosures, if any, Plaintiff made to other

unidentified "managers and co-workers" with respect to her alleged disabilities or medical conditions, with the effect that any and all such allegations are denied.

24. Defendants deny that Plaintiff requested the reasonable accommodations alleged in the Complaint, and Defendants deny that any such alleged requested accommodations qualify as reasonable accommodations within the meaning of the ADA.

25. Defendants deny Plaintiff's allegations that "[m]edical evidence further corroborates plaintiff's statements regarding her disabilities which are recognized by the ADA."

26. Defendants deny Plaintiff's allegations that "Reasonable Accommodations incurred no costs for equipment or modifications on the part of Publix Supermarkets [sic], as no extra hardware was required nor needed for supply by Publix."

**Factual Allegations Sorted by Claim**

**Count I – Interference to Economic Relations**
**(Page 4 of the Complaint)**

27. Defendants deny Plaintiff's allegations [t]hat Publix Super Markets, Inc. Store Manager, Thomas Sayers, (Defendant) did intentionally obstruct, interfere and block the transfer of Amy Barnes, Plaintiff from obtaining employment at another Publix retail Store."

6

28. Defendants deny Plaintiff's allegations that "neither Kevin Kidd, Assistant Store Manager nor Thomas Sayers notified Amy Barnes, Plaintiff, when a store transfer was approved and issued."

29. Defendants deny Plaintiff's allegations "that store management did in fact retaliate against the Plaintiff, Amy Barnes, in violation of federal law."

30. Defendants deny that the alleged actions of Defendants "resulted in the constructive termination of Amy Barnes, as shown in the decision of Georgia Department of Labor Hearings."

31. Defendants admit that Plaintiff is seeking the "adjudication of this claim in Federal Court," but Defendants deny liability as to any such claim.

**Count II – Violation of the Americans with Disabilities Act**
**(Page 4 of the Complaint)**

32. Defendants deny Plaintiff's allegations "[t]hat Publix Super Markets, Inc. through its store manager, assistant store manager and additional personnel did disregard federal law relating to [sic] Americans with Disabilities Act."

33. Defendants deny Plaintiff's allegations "[t]hat Publix Supermarkets Inc [sic] did disallow Amy Barnes from accessing certain parts of the store, and treated Amy Barnes differently for having a disability."

7

### Count III – Violation of the Fair Labor Standards Act
### (Page 4 of the Complaint)

34. Defendants deny Plaintiff's allegations that "Amy Barnes was made to suffer punitive actions for her exercise of her rights to discuss job conditions and working environments with others present at the work place, and to object to ill treatment and discrimination from her management team at Publix Supermarkets [sic]."

### Prayer for Relief
### (Page 4 of the Complaint)

35. To the extent any allegations are contained within the "Prayer for Relief" section of the Complaint, all such allegations are denied.

36. Defendants deny that Plaintiff is entitled to the relief requested in the Complaint or to any other relief whatsoever.

### Jury Trial Demanded
### (Page 5 of the Complaint)

37. Defendants admit that Plaintiff has requested a trial by jury.

### Other Allegations

38. To the extent not otherwise expressly admitted above, Defendants deny any and all remaining allegations contained in the Complaint.

## ADDITIONAL DEFENSES

Defendants respectfully assert the following additional defenses to Plaintiff's Complaint:

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted to the extent that it fails to allege each and every element of the causes of action Plaintiff attempts to assert therein, as well as to the extent that no such causes of action exist.

### Second Defense

The Complaint fails to state a claim upon which relief can be granted in that it fails to allege facts sufficient to support the claims asserted therein in conformance with the pleading standards set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### Third Defense

Plaintiff's claims are barred to the extent they were filed outside of the respective statute of limitations periods. For example, but without limitation, Plaintiff's claims are barred to the extent she did not file an EEOC charge within the required time from the date of the first allegedly discriminatory or retaliatory

action or she did not otherwise commence the instant action within a reasonable amount of time from the date of the allegedly unlawful actions of Defendant.

### Fourth Defense

Plaintiff's entitlement to damages is barred to the extent that Plaintiff failed to take reasonable steps to mitigate her damages, if any.

### Fifth Defense

Some or all of Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, unclean hands, and laches.

### Sixth Defense

To the extent that Defendant discovers evidence of acts or occurrences as to which Defendant would have, if known to Defendant, discharged Plaintiff, Plaintiff will be barred from recovery from Defendant from the point of such discovery.

### Seventh Defense

Plaintiff's claims are barred because Defendant's conduct with regard to Plaintiff was at all times based upon legitimate, bona fide, good faith, non-discriminatory, and non-retaliatory business reasons, and without discriminatory or retaliatory intent, purpose, or effect. Defendant states that there were legitimate, non-discriminatory and non-retaliatory reasons for its actions which were not pretextual and that it has not violated the Americans with Disabilities Act or any

provision thereof, or any other constitutional or statutory provision under which the alleged causes of action are or could be brought, and has neither taken, nor ratified, any action with discriminatory or retaliatory purpose or intent, but rather has acted in good faith, and Defendant has not authorized any action prohibited by law, has not committed any unlawful employment practice and Defendant's actions were based upon good cause and were the result of reasonable factors necessary for business functions.

## Eighth Defense

To the extent that an impermissible employment practice occurred (which Defendant denies), the same action would have been taken in the absence of any impermissible motivating factor and, consequently, Plaintiff is unable to bear her burden of proving that her participation in any alleged protected activity was the sole reason (or any reason) for her alleged termination.

## Ninth Defense

The types and amounts of Plaintiff's recoverable damages (if any) are limited by statute.

### Tenth Defense

Some or all of Plaintiff's claims for damages are barred because Defendant has not engaged in any practice with malice, evil intent, gross negligence, or reckless and wanton disregard for Plaintiff's rights.

### Eleventh Defense

Plaintiff's employment with Defendant was "at-will."

### Twelfth Defense

Plaintiff has failed to exhaust required administrative remedies.

### Thirteenth Defense

Plaintiff's claims, in whole or in part, are barred by Plaintiff's own negligence.

### Fourteenth Defense

The proximate cause of any injury or damages to Plaintiff, if any, was not the action of Defendant.

### Fifteenth Defense

Publix has in place a clear and well-disseminated policy against discrimination or harassment on the basis of disability and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. To the extent that Plaintiff unreasonably failed to

take advantage of the preventative or corrective opportunities provided by Publix, or to avoid harm otherwise, Plaintiff's claims of alleged discrimination, harassment, or retaliation are barred. *See, e.g., Madray, et al. v. Publix Super Markets, Inc.*, 30 F. Supp. 2d 1371 (S.D. Fla. 1998).

### Sixteenth Defense

Defendants had no actual or constructive notice of the alleged conduct of which Plaintiff now complains and were, thereby, deprived of the opportunity to investigate and/or to take prompt, remedial and appropriate action.

### Seventeenth Defense

To the extent Defendants had notice of the conduct of which Plaintiff now complains, Defendants promptly investigated and took prompt, remedial and appropriate action.

### Eighteenth Defense

Plaintiff's claims are barred to the extent that they were not included in, or exceed the scope of, a timely filed charge of discrimination.

### Nineteenth Defense

Defendant's challenged actions with respect to Plaintiff were based upon permissible and reasonable factors other than disability or Plaintiff's alleged attempt to exercise rights under the FMLA.

### Twentieth Defense

Some or all of the conduct about which Plaintiff now complains does not qualify as an adverse employment action.

### Twenty-First Defense

There is no causal link between Plaintiff's alleged protected activity and the allegedly retaliatory employment actions.

### Twenty-Second Defense

Plaintiff did not engage in any protected activity prior to the alleged adverse actions of which Plaintiff now complains.

### Twenty-Third Defense

Plaintiff does not have a "disability" within the meaning of the ADA and is not entitled to the protections of the ADA.

### Twenty-Fourth Defense

Plaintiff has not plead a mixed motive or adverse impact discrimination claim and is, therefore, barred from pursuing such claims.

### Twenty-Fifth Defense

Plaintiff is not a "qualified individual with a disability" within the meaning of the ADA.

### Twenty-Sixth Defense

Plaintiff is not "otherwise qualified" within the meaning of the ADA.

### Twenty-Seventh Defense

Plaintiff could not be reasonably accommodated within the meaning of the ADA.

### Twenty-Eighth Defense

Even if, *arguendo*, Defendant had an obligation to accommodate Plaintiff under the ADA, any accommodation would have imposed an undue hardship on Defendant within the meaning of the ADA.

### Twenty-Ninth Defense

Plaintiff cannot establish a causal connection between any prior protected activity and the alleged adverse actions taken by Defendant.

### Thirtieth Defense

Plaintiff was at all times compensated fully and in accordance with the terms of the FLSA.

### Thirty-First Defense

Publix is not liable to Plaintiff for acts of its employees or agents outside the scope of their employment, or any activities of its employees or agents that occurred during a departure from the pursuit of Publix' business.

**Thirty-Second Defense**

Plaintiff may not recover compensatory damages as requested in her Complaint to the extent that the facts alleged in support of those claims fail to satisfy the applicable legal standards.

**Thirty-Third Defense**

Plaintiff is barred from pursuing punitive damages because Defendant did not engage in any acts or omissions with malice or reckless indifference to Plaintiff's rights.

**Thirty-Fourth Defense**

Any award of punitive damages to Plaintiff would violate the constitutional safeguards provided to Defendant under the Constitution of the United States and the Constitution of the State of Georgia.

**Thirty-Fifth Defense**

Defendants Thomas Sayers and Kevin Kidd are not proper parties to this litigation.

**Thirty-Sixth Defense**

There is no individual liability for Plaintiff's claims as to Defendants Thomas Sayers and Kevin Kidd.

**Thirty-Seventh Defense**

Plaintiff's Complaint must be dismissed due to insufficient service of process.

**Thirty-Eighth Defense**

Plaintiff's Complaint must be dismissed due to insufficient process.

**Thirty-Ninth Defense**

Defendants reserve the right to amend these defenses or add additional defenses as may become warranted by the facts of this case.

Respectfully submitted this 29th day of November 2011.

> s/Michael Oliver Eckard
> Michael Oliver Eckard
> GA Bar No. 238550
> OGLETREE, DEAKINS, NASH,
>   SMOAK & STEWART, P.C.
> 191 Peachtree Street, N.E.
> Suite 4800
> Atlanta, Georgia 30303
> Telephone: 404.881.1300
> Fax: 404.870.1732
> Email: michael.eckard@ogletreedeakins.com
>
> Attorneys for Defendants
> Publix Super Markets, Inc., Thomas Sayers, and Kevin Kidd

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AMY ELIZABETH BARNES,<br><br>  Plaintiff,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC., THOMAS SAYERS, and KEVIN KIDD,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION<br>) NO. 1:11-CV-3606-TCB<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I certify that on November 29, 2011, I electronically filed **Defendants' Answer to Complaint** with the Clerk of Court using the CM/ECF system, and that a copy of same was served this day via U.S. Mail upon the following party:

>Amy Elizabeth Barnes
>Plaintiff *Pro Se*
>Wanda Circle, S.W.
>Marietta, Georgia 3008

>s/Michael Oliver Eckard
>Michael Oliver Eckard
>GA Bar No. 238550

>Attorneys for Defendants

11308530.1 (OGLETREE)

18