FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 20 2012

JAMES N. HATTEN, Clerk
By: Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

---

AMY ELIZABETH BARNES, Pro Se )
)
   Plaintiff )
         V. ) CIVIL ACTION
PUBLIX SUPER MARKETS, INC. ) NO. 1:11-CV-3606-TCB
THOMAS SAYERS, AND KEVIN KIDD )
)
   Defendants )
)

**Plaintiff's Response to**

**Defendants' Motion for Summary Judgment**

Pursuant to Federal Rules of Civil Procedure, specifically Rule 56, Plaintiff respectfully produces before this Court her Response in Opposition to Defendants' Motion for Summary Judgment. Summary Judgment in favor of Defendants is not proper for the following reasons: First – the statement that "(a) there is no individual liability under the ADA" assumes that the corporate veil cannot be pierced through proof of qualifying actions that convert a corporate Agent into a liable individual. The assumption that individuals are not covered is false. Second – the statement that "(b) Plaintiff has no evidence sufficient to create a genuine dispute of material fact for any of her claims." is false. Plaintiff offers into evidence the full transcript of a prior State of Georgia, Department of Labor sworn testimony and articles of evidence wherein the following results were a basis for a

legal determination of termination by employer on the basis of constructive termination and facts which overlap and support the three claims made by Plaintiff against Defendants. The transcript, at a minimum, raises these three things: (1) Defendant Kevin Kidd admitted under oath to a possible violations of the ADA which should be confirmed or denied via JURY trial via his statement that no steps were taken to provide reasonable accommodation as required by the ADA for Plaintiff's disability.  (2) Defendant Thomas Sayers stated under oath that he did not transfer problems with the implication that Plaintiff was a problem.  (3) additional testimony supports all of Plaintiff's claims brought here to District Court in that (The State of Georgia) hearing and all Defendants walked out of the hearings without completing (nor allowing for) a full inquiry while still under Subpoena to appear at the subsequent hearing scheduled.  Thirdly, Defendants' Motion includes the statement "Further, the undisputed evidence demonstrates that Publix acted upon legitimate, non-discriminatory reasons in all actions taken against Plaintiff" discounts the theory of pretext used as a "cover" in Discrimination and/or Retaliation cases.  Fourth, and Plaintiff indeed has valid claims under the Fair Labor Standards Act in spite of testimony that "all hours worked were paid for" as made by Plaintiff in Deposition because Plaintiff was referencing ONLY the "clocked-in" time previously mentioned by Defendants' Counsel in Deposition of Plaintiff, not off-clock time governed and controlled by

Publix company policies and rules concerning employee conduct 24 hours a day; the distinction of pay for the clocked-out time was not made nor brought up when Plaintiff was asked about pay, therefore Plaintiff asserts that Summary Judgment should not be granted on this claim.  Further, "interference to economic relations" is covered by the Transcript from the GA Dept. of Labor – UI Appeals Tribunal hearing that opposing Counsel disallowed from being used as reference and case notes of Plaintiff in order to refresh the memory of Plaintiff.

In support of this Response in Opposition to Motion for Summary Judgment, Plaintiff submits the following:

(1) A copy of The State of Georgia Unemployment Insurance hearing transcript of the hearing and sworn testimony dated June 27, 2011.

(2) Plaintiff's Memorandum of Law in Support of Plaintiff's Response to Defendants' Motion for Summary Judgment

WHEREFORE, for the reasons given in this Response, the accompanying Memorandum of Law, and other supporting documents or evidence, Plaintiff respectfully request that this Court DENY Summary Judgment, deny costs award against Plaintiff, and move forward to continue Plaintiff's Due Process right to a Jury Trial of this matter and the questions at law.

I, Amy Elizabeth Barnes, Plaintiff hereby swear and aver that all submitted documents connected to this response are true and correct and accurate to the best of my knowledge.

Respectfully submitted this 20th of September, 2012.

*Amy E. Barnes*

Amy Elizabeth Barnes, Plaintiff pro se

amybarnes@oldcity.ws

886 Wanda Circle SW,

Marietta GA 30008

(678) 337-8667 VOIP Phone

PLAINTIFF PRO SE