FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 20 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMY ELIZABETH BARNES, Pro Se )<br><br>Plaintiff )<br>V. )<br>PUBLIX SUPER MARKETS, INC. )<br>THOMAS SAYERS, AND KEVIN KIDD )<br><br>Defendants )  | CIVIL ACTION<br>NO. 1:11-CV-3606-TCB |

**Plaintiff's Memorandum of Law in Support of**

**<u>Plaintiff's Response to Defendants' Motion for Summary Judgment</u>**

Introduction

Defendant Publix Super Markets, Inc. employed Plaintiff Amy Elizabeth Barnes for a period of nearly eight years over two separate periods of employment. While Plaintiff was disabled with hearing loss, vision loss, asthma, and allergies, she had requested of each of her managers and co-workers a series of reasonable accommodations which included speaking to her face and raising the volume on the phone, among others. In 2009, Plaintiff accepted a lateral transfer to another store, Store No. 0086, from Store No. 0155. Plaintiff's managers worked with her to continuously improve upon her performance and employed her primarily in the roles of Cashier and Customer Service at Store No. 0086. For several years, Plaintiff was reasonably accommodated until the night of July 12, 2010, when

Plaintiff's Assistant Customer Service Manager, Vlora Arifi, used standard Store Hard closing policy procedures to announce over the PA system a closing time, which Plaintiff was unable to hear due to her disability of hearing loss. Plaintiff was surprised when Vlora Arifi demanded Plaintiff immediately leave, and leave her stuff in the store to avoid the alarm going off. Vlora Arifi failed to accommodate Plaintiff's Disability and refused to allow Plaintiff into parts of the Store to retrieve her stuff, which typically included Plaintiff's asthma inhaler. After Plaintiff raised the issue of failure to hear over the PA system, the treatment of Plaintiff suddenly became harsher than Plaintiff had experienced before, and a rapid degradation of the normal working relationship between all parties involved in the case began; Plaintiff was subjected to repeated re-assignments of job duties, Plaintiff's five-day suspension was turned into a nine-day suspension without any explanation at the time, Plaintiff was not called nor notified in ANY way about a pending transfer by Defendants, and Defendants managed Plaintiff closer than previously before. Where the discipline of previous years had been relaxed over the course of Plaintiff's career, discipline after the start of the decline of Plaintiff's career, which ended when Plaintiff's situation of impoverishment from lack of pay over the period of nine days forced Plaintiff to search for work elsewhere, as the rapid degradation of the working relationship had lead Plaintiff to believe that she was better off quitting in lieu of termination due to her Constructive Termination,

which was later declared the cause of Plaintiff's exit from Publix as the result of the GA Department of Labor UI benefit hearings. Plaintiff was barred from a transfer by Defendant Thomas Sayers and was led to believe through a lack of notification that Plaintiff was not about to be transferred to another store; Prior to Plaintiff's career ending, she was speaking to fellow workers about her mistreatment and was upset about being forced to "sanitize" her behavior off the clock, including dropping the sign from the car, in order to maintain a "good" image for the bank that owed Plaintiff money, and Publix employees, by requesting that Plaintiff drop the signs off her car, impinged upon Plaintiff's right to demand redress (and enforce the contract) of Third Party Bank of America's contract that stated that Plaintiff, as a home owner, was entitled to all escrow overage funds in escrow accounts belonging to Plaintiff. Publix's evidence and statements show this.

I. Disability

   a. No matter how long a reasonable accommodation has been given, Plaintiff suffered a single incident of refusal to communicate by face by Vlora Arifi, forcing Plaintiff to leave property inside the store.

    b. The transcript offered by Plaintiff will show proof of statements against interest made by Defendants regarding accommodations to Plaintiff's Disability.

    c. The sudden change (degrading) in the working relationship would lead any reasonable person to realize that the relationship thereafter an incident of alleged discrimination to believe that retaliation campaign is underway. This is best left up to a jury and invokes the Reasonable Man standard.

    d. Context is entirely possible within litigation-sensitive companies that know better than allow overt discrimination, and context is a complex issue that is best left to the Jury Trial for a determination.

II. Interference to economic gains

    a. Plaintiff was barred from transfer to another store, until the dead last day Plaintiff was at Publix to report for work.

    b. Plaintiff was harmed by Publix managers and Defendants' insistence that she not be able to enforce a third-party contract via decorating her chattel with a public whistle-blowing campaign regarding her flagged escrow account, a very serious matter of money to Plaintiff.

    c. Plaintiff was harmed by Publix managers' insistence that Plaintiff essentially market off the clock for Publix by demonstrating a

"Publix" brand of politically correct behavior at all times; ownership over conduct might possibly be seen by a Jury pursuant to Due Process Right at Trial in Court of Equity in addition to Court of Law as a matter of law privileged to Jury decisions.

III. Fair Labor Standards Act

   a. Plaintiff was only referencing Work on the clock as far as successful pay received. Work off the clock is determined by the classification of the requirements, or the "permitting or suffering" as classified in GA Employment Law and common knowledge of what work is.

   b. Plaintiff had every right to protest working conditions in relation to pay in the form of commonly accepted breaks.

   c. Plaintiff is not owned by Publix and is not paid for 24-hour conduct in a manner that would fulfill the requirements of minimum wage for 24 hours and / or OT, so the issue of a FLSA claim should rest with a Jury.

Conclusion

Plaintiff has presented sufficient evidence to meet the standard AGAINST summary judgment with the combined arguments that a question of fact that a Jury must weigh on being present. Plaintiff requests her Due Process RIGHT to a Jury to decide the issues at hand in this case.

Respectfully submitted this 20th of September, 2012.

*Amy E. Barnes*

Amy Elizabeth Barnes, Plaintiff pro se

amybarnes@oldcity.ws

886 Wanda Circle SW,

Marietta GA 30008

(678) 337-8667 VOIP Phone

PLAINTIFF PRO SE